CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 3 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **DANNY RAY CUBBAGE,** | ) | **CASE NO. 7:15CV00680** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | **By: Hon. Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Respondent.** | ) | |

Danny Ray Cubbage, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a final order by the Page County Circuit Court convicting him of one count of Attempted Robbery under Va. Code §§ 18.2-26 and 18.2-58, and one count of Use of a Firearm while Attempting to Commit a Felony under Va. Code § 18.2-53.1. Respondent filed a motion to dismiss, and Cubbage responded, making the matter ripe for disposition. After review of the record, the court concludes that the petition must be dismissed.

### I.

On November 23, 2011, shortly before 8:00 P.M., a masked man armed with a rifle approached Paul Spangler and demanded his wallet.[1] Spangler fought with the assailant, wrestled over the weapon, and eventually ripped the mask off the attempted robber, which gave Spangler a good look at his face. The assailant dropped the rifle and fled. Spangler called the police, and officers arrived approximately twenty minutes later. Spangler gave a detailed description of his would-be robber, stating that he had seen the assailant close up during the

---

[1] The facts of the case are undisputed and are established from the trial record.

struggle and would recognize him again.[2] Page County law enforcement tracked the assailant with a bloodhound using the discarded mask for the assailant's scent, which led them to the nearby residence of Jeff and Felicia Kibler. Investigators learned from the Kiblers that Cubbage arrived at their door around the time of the attempted robbery, without shoes, that he appeared anxious, and that the Kiblers gave him a ride to his mother's house. The Kiblers also reported that Cubbage leaned back in the car seat so as to not be visible during the short ride to his mother's house.

Around 8:30 P.M., police found and interviewed Cubbage at his mother's house. Cubbage gave inconsistent statements about his activities that day and appeared extremely nervous,[3] which heightened suspicions among the officers. Police brought Spangler to the home of Cubbage's mother, and performed a "showup." Spangler remained in the back of a police car while Cubbage was brought out and shown to Spangler in a police car's high beams and an officer's flashlight. Spangler identified Cubbage as his assailant, with a 90% degree of confidence.[4]

Cubbage was charged in a two count indictment with attempted robbery and use of a firearm while attempting to commit a felony, and was found guilty of both counts by a Page County jury on January 16, 2013. The Court sentenced Cubbage to eight years' imprisonment. Cubbage appealed to the Court of Appeals of Virginia alleging insufficiency of evidence, but the Court denied the petition on January 8, 2014. Cubbage appealed to the Supreme Court of

---

[2] Spangler's description fit Cubbage well, according to the record: middle-aged male, forty to fifty years old, approximately 5'8" to 5'9" and 150 to 160 pounds, wearing a camouflage jacket; a camouflage jacket was found discarded at the scene where police arrested Cubbage.

[3] Cubbage's speech was jerky, he immediately lit a cigarette, and his hand was shaking profusely.

[4] Spangler discussed his high degree of certainty at trial, stating that as an accountant, the most certain he could ever be was 99.9%, as there is always potential for error. The only significant difference between the assailant and Cubbage was that during the struggle, the assailant's hair was messed up from the mask being ripped off, and then during the showup, Cubbage's hair was slicked back and combed.

2

Virginia which denied an appeal writ on May 15, 2014. Cubbage then filed a petition for a writ of habeas corpus to the Supreme Court of Virginia which was denied on November 13, 2015, finding procedural defaults under Slayton v. Parrigan, 205 S.E. 680 (Va. 1974), cert. denied, 419 U.S. 1108 (1975), and that Cubbage failed to establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).

Cubbage asserts four claims in the habeas petition filed in this court. (Pet. 5, 6, 8, 10, ECF No. 1):

1. Cubbage was denied due process because the identification procedure used by Page County law enforcement officers was overly suggestive and conducive to irreparable mistaken identification.

2. Cubbage was denied due process because the indictment was constitutionally insufficient.

3. Cubbage's trial counsel was ineffective for failing to raise a due process claim regarding the defective indictment.

4. Cubbage's trial counsel was ineffective for failing to raise a due process claim regarding the suggestive identification procedure.

Respondent moves to dismiss Cubbage's claims as procedurally barred and/or without merit, and Cubbage has responded to the motion.

## II.

### A. Substantive Claims

To obtain federal habeas relief, Cubbage must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 403-13 (2000). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could agree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 66, 101 (2011) (omitting internal quotations).

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (internal quotation marks and citation omitted). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)).

Cubbage has exhausted the available state court remedies for each of his federal claims because he has either "fairly present[ed] his claim to the state's highest court" or "a state procedural rule would bar consideration if the claim was . . . presented to the state court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) overruled on other grounds by U.S. v. Barnette, 644 F.3d 192 (4th Cir. 2011). Cubbage's direct appeal is final and any additional state habeas action would be procedurally defaulted both under Virginia's statute of limitations, Va.

4

Code § 8.01-654(A)(2), and Virginia's successive petition statute. Va. Code § 8.01-654(B)(2). Claims that are procedurally barred under state law must be treated as exhausted and defaulted unless Cubbage can demonstrate cause for the default and prejudice from the constitutional error, or a miscarriage of justice. Baker, 220 F.3d at 288; Gray, 518 U.S. at 162.

Cubbage's first claim that the identification procedure was overly suggestive and therefore denied him due process is exhausted but defaulted. Cubbage never raised the issue either at trial or on direct appeal; he asserted this claim for the first time in the state habeas petition. The Supreme Court of Virginia found that Cubbage procedurally defaulted the identification claim under Slayton, because he could have objected to the identification procedure at trial or on direct appeal, but did not. Slayton constitutes an adequate and independent state law procedural ground that precludes federal review of this claim on the merits.[5] Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998). Therefore, Cubbage's first claim is procedurally barred from federal habeas review, unless he shows (1) cause and prejudice or (2) a miscarriage of justice. Cubbage makes no such showing.[6]

Cubbage's claim challenging the identification show up is without merit regardless of whether it is procedurally defaulted. "[T]he Due Process Clause requires courts to assess, on a case-by-case basis, whether improper police conduct created a 'substantial likelihood of irreparable misidentification.'" Perry v. New Hampshire, 132 S. Ct. 716, 724 (2012); see also

---

[5] A state procedural rule is adequate if it is regularly or consistently applied by the state court, see Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and is independent if it does not "depend[] on a federal constitutional ruling," Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

[6] A colorable claim of actual innocence can also serve as a "gateway" to secure the adjudication of a defaulted constitutional claim. Schlup v. Delo, 513 U.S. 298, 315 (1995). "The petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of [some] new evidence." Id. at 327. Cubbage does not assert a colorable showing of actual innocence under the Schlup standard so as to open that gateway to consideration of his defaulted claims; Cubbage presents no new evidence and only conclusory legal arguments. See Burket v. Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (finding that as petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner). An argument of "mistaken identification" contrary to established facts in the record is not a valid assertion of actual innocence.

5

Neil v. Biggers, 409 U.S. 188, 198 (1972). It is well understood that individual-suspect showups are disfavored as identification procedures;[7] however, "the admission of evidence of a showup without more does not violate due process." Biggers, 409 U.S. at 199. Additionally, exclusion does not necessarily follow from suggestive identification procedures: "The Constitution . . . protects a defendant against a conviction based on evidence of questionable reliability, not by prohibiting introduction of the evidence, but by affording the defendant means to persuade the jury that the evidence should be discounted."[8] Perry, 132 S. Ct. at 723. When police perform a showup or other suggestive out-of-court identification procedures, courts look to the five factors considered in the Biggers case:

> [T]he opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Biggers, 409 U.S. at 199-200. The substantive issue is whether, under the totality of the circumstances, the identification was reliable despite any suggestive confrontation procedures. See Id. 409 U.S. at 199.

The Court of Appeals of Virginia analyzed the Biggers factors at length when considering Cubbage's appeal regarding sufficiency of the evidence:

---

[7] "A conviction which rests on a mistaken identification is a gross miscarriage of justice." Stovall v. Denno, 388 U.S. 293, 297 (1967), overruled on other grounds by Griffith v. Kentucky, 479 U.S. 314 (1987). "The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned." Id. at 302. In general:

> Any identification process . . . involves danger that the percipient may be influenced by prior formed attitudes . . . Where the witness bases the identification on only part of the suspect's total personality, such as height alone, or eyes alone, or voice alone, prior suggestions will have most fertile soil in which to grow to conviction. This is especially so when the identifier is presented with no alternative choices; there is then a strong predisposition to overcome doubts and to fasten guilt upon the lone suspect.

Palmer v. Peyton, 359 F.2d 199, 201 (4th Cir. 1966).

[8] "[I]t is the province of the jury to weigh the credibility of competing witnesses." Kansas v. Ventris, 556 U.S. 586, 594, n. * (2009).

6

> Spangler explained that he was able to clearly view [Cubbage's] face after he removed the mask during the struggle. Spangler consistently and accurately described his assailant and when identifying him in court noted certain slight dissimilarities, including the style of the assailant's hair and the assailant's weight gain . . . Spangler first identified [Cubbage] on the night of the crime and then later in court with a high degree of certainty. Furthermore, Spangler's identification of [Cubbage] was partially corroborated by the circumstantial evidence of [Cubbage's] presence in the area at the time of the crime and [Cubbage's] apparent flight from the area.

Cubbage v. Commonwealth, No. 0907-13-14, at *3 (Va. Ct. App. Nov. 20, 2013).[9] The record shows that even if the showup was suggestive, Spangler's identification of Cubbage as his assailant was reliable, and there was no police misconduct; therefore, the trial court properly admitted Spangler's identification of Cubbage at his mother's house.[10] Therefore, the claim is meritless, and the court will grant the motion to dismiss as to the first claim. [11]

Cubbage's second claim, that he did not receive adequate notice of his charge from the indictment, is also exhausted, but defaulted. In Cubbage's state habeas proceeding, the Supreme Court of Virginia found the claim procedurally defaulted under the rule in Slayton because Cubbage could have brought the claim at trial or on direct appeal, but failed to do so. Slayton is an adequate and independent state law procedural ground which precludes federal review on the merits unless Cubbage can show cause and prejudice for his default; Cubbage fails to make such a showing.

---

[9] Although no DNA evidence was retrieved from the crime scene, the Court of Appeals of Virginia held that the established facts and circumstantial evidence were sufficient to uphold a conviction.

[10] See Hill v. Commonwealth, 347 S.E.2d 913, 918 (Va. Ct. App. 1986). "[Out-of-court identifications] will be admitted if either (a) the identification was not unduly suggestive, or (b) the procedure was unduly suggestive, but the identification is nevertheless reliable, in accordance with the factors noted in Biggers and Braithwaite, that there is no substantial likelihood of misidentification."

[11] Cubbage has alleged that (1) it was too dark for Spangler to have properly identified the attempted robber during the struggle, (2) the Kiblers misdirected the attention of police to Cubbage, (3) Cubbage asked to testify at trial, but was refused by trial counsel, (4) Cubbage's inconsistent statements were a result of nervousness from being on parole and drinking, and (5) no exigent circumstances existed for the police to do a showup at the time of Cubbage's arrest. These allegations have been addressed in the record, and have no evidentiary basis.

7

Cubbage also argues as part of his second claim that the allegedly faulty indictment deprived the trial court of subject matter jurisdiction. However, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68. State jurisdictional issues generally do not fall within the purview of the Constitution, laws, or treaties of the United States; instead, "[a] claim, when pared down to its core, [that] rests solely upon an interpretation of Virginia's case law and statutes, [] is simply not cognizable on federal habeas review." Wright, 151 F.3d at 157. Additionally, the Supreme Court of the United States has stated: "defects in an indictment do not deprive a court of its power to adjudicate a case . . . [and] 'that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.'" United States v. Cotton, 535 U.S. 625, 630-31 (2002) (quoting United States v. Williams, 341 U.S. 58, 66 (1951)). Cubbage's subject matter jurisdiction claim relies solely on the state courts' interpretation of Virginia law regarding the sufficiency of indictments and trial court jurisdiction.[12] Therefore, this claim states no basis for federal habeas relief, and the court will grant the motion to dismiss as to the second claim.

## B. Ineffective Assistance of Counsel

To state a constitutional claim for ineffective assistance, Cubbage must satisfy a two-prong test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient

---

[12] Cubbage does not claim a "fatal variance" between what the indictment charged and what the prosecution proved with evidence at trial; therefore, there are no fundamental fairness concerns. Instead, Cubbage declares (incorrectly) that his Sixth and Fourteenth Amendment rights have been violated because the indictment never stated the name of the victim and never enumerated the elements of attempt. Robbery is a crime against a person, but Virginia does not require the victim's name in an indictment. If the indictment states an incorrect name, or an inanimate object such as a U.S. Mail Truck, then the charge for robbery cannot lie; however, Cubbage raised no such issues. See Falden v. Commonwealth, 189 S.E. 329 (Va. 1937) (combination of faulty indictment and incorrect jury instructions led to a conviction of robbery against a truck). Further, even if the indictment was defective, the trial court still maintained proper jurisdiction.

8

performance prejudiced the defense." Strickland, 466 U.S. at 686-687. Cubbage must overcome "a strong presumption" that counsel's tactical decisions during the representation were reasonably competent, and the court may adjudge counsel's performance deficient only when Cubbage demonstrates that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 689-90. Even if Cubbage can establish deficient performance under this high standard, relief remains unavailable unless he also shows a "reasonable probability" that, but for counsel's errors, the outcome of the proceeding would have been different. Id. at 694-95. The court must deny relief if petitioner fails to establish either of the Strickland prongs. Additionally, when reviewing a Strickland claim under the Antiterrorism and Effective Death Penalty Act (AEDPA), this court's review is "doubly" deferential. See Harrington, 562 U.S. at 105. Lastly, "[a]n attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999); see also Moore v. United States, 934 F. Supp. 724, 731 (E.D. V.A. 1996).

Cubbage's third claim is that trial counsel was ineffective for failing to argue that the attempted robbery indictment was defective, and therefore, deprived the trial court of jurisdiction. In general, indictments function "to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser." Butler v. Commonwealth, 763 S.E.2d 829, 831 (Va. Ct. App. 2014) (quoting Sloan v. Commonwealth, 544 S.E.2d 375, 378 (Va. Ct. App. 2001)). Virginia law requires that indictments be "a plain, concise and definite written statement" with the following information: (1) name of the accused, (2) description of the charged offense, (3) name of the county, city, or

9

town in which the accused committed the offense, and (4) the approximate date of the offense. Va. Code § 19.2-220 (2016). Further, the specific identity of a robbery victim need not be listed in the indictment. See Crawford v. Commonwealth, 231 S.E.2d 309, 311 (Va. 1977). As for the indictment's language, "[a]ll the constituents of the offense . . . must be set forth with precision. Hence it is safe to set forth a statutory offense in the very words of the statute . . . although the use of synonymous words will suffice." Evans v. Commonwealth, 33 S.E.2d 636, 637 (Va. 1945).

> Cubbage's indictment stated the following:
>
> (1) "The Grand Jury charges that 'On or about the 23rd day of November, 2011, in the County of Page, Danny Ray Cubbage did unlawfully and feloniously, attempt to rob another of money by means of violence, assault, putting the victim in fear of serious bodily harm, threats, or by presenting a firearm or other deadly weapon, in violation of Sections 18.2-26/18.2-58 of the Code of Virginia, 1950, as amended.'"
>
> (2) "The Grand Jury charges that: 'On or about the 23rd day of November, 2011, in the County of Page, Danny Ray Cubbage did unlawfully and feloniously display in a threatening manner or use a firearm while committing or attempting to commit a felony in violation of Section 18.2-53.1 of the Code of the Virginia, 1950, as amended.'"

Transcript of Record, Vol. V, at 4, Commonwealth v. Cubbage, No. CR12F00015 (Va. Cir. Ct. Jan. 16, 2013).

The Supreme Court of Virginia found in the state habeas proceeding that Cubbage's claim that counsel was ineffective for failing to assert that the indictment was defective had "satisfie[d] neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington." (Cubbage v. Clarke, No. 150481, 2 (Va. Nov. 13, 2015), ECF No. 14.). "The alleged defects in the indictment did not deprive the trial court of jurisdiction, and counsel was not ineffective for failing to make a motion to the contrary." Id. Trial counsel "could reasonably have determined the indictment was sufficient to alert [Cubbage] to the nature

10

and character of the offense and complied with Code § 19.2-220." Id. at 2-3.[13] This court agrees

with the Supreme Court of Virginia; it was not ineffective assistance when counsel failed to raise

the meritless argument.[14] Further, the state court's adjudication of this claim was not contrary to,

or an unreasonable application of, Strickland and was not based on an unreasonable

determination of the facts. Failure to raise a meritless challenge to the indictment was neither

deficient performance nor prejudicial. Therefore, the court must grant the motion to dismiss as

to claim three, pursuant to § 2254(d).

Cubbage contends in his fourth and final claim that trial counsel was ineffective for

failing to challenge the admissibility of Spangler's identification. The respondent asserts that

Cubbage's claim is defaulted and the court agrees, because Cubbage did not raise this issue in his

state habeas petition. Baker, 220 F.3d at 288. If Cubbage now attempted a habeas petition in the

Supreme Court of Virginia, he would be barred by both the statute of limitations (Va. Code §

8.01-654(A)(2)) and the successive petitions statute (Va. Code § 8.01-654(B)(2)), because his

direct appeal became final more than a year ago, and because he could have raised this issue in

his prior state habeas petition. Cubbage failed to do so and makes no showing to excuse this

failure.

Cubbage's final claim is without merit even if it were not defaulted. Trial counsel moved

to strike evidence regarding Spangler's identification of Cubbage due to the suggestive nature of

the showup. Although counsel did not raise specific Due Process Clause claims in that motion,

---

[13] "[T]he record, including the indictment for armed robbery, demonstrates the indictment clearly identified [Cubbage] as the criminal agent, described the offense of attempted robbery by charging [Cubbage] with feloniously attempting to rob another . . . and recited the alleged date and location of the offense." (Cubbage v. Clarke, No. 150481, 2-3 (Va. Nov. 13, 2015), ECF No. 14.).

[14] Cubbage relied on Evans when formulating his claim. However, the court in Evans dealt with a charge that was never defined; in fact, the grand jury in that case did not know whether the sex crime charged was a misdemeanor or felony. Evans, 33 S.E.2d at 638. The indictment resulted in significant confusion, because the accused never knew what "sex crime" he was charged with until trial. Id. at 637-38. Such a defect in an indictment severely hampers criminal defense efforts. Cubbage's indictment did not result in similar prejudice or confusion.

11

counsel could have reasonably concluded that this claim would fail, because under the totality of circumstances, the identification evidence was still reliable. Additionally, the remedy for suggestive identification procedures is generally not exclusion of the identification evidence, unless there is proven police misconduct, which Cubbage never alleged. In fact, the Court of Appeals of Virginia found no law enforcement misconduct occurred, and the court agrees. Therefore, the identification evidence would not have been excluded, and Cubbage's only recourse would have been to offer alternative evidence to undermine the weight of the identification. Accordingly, Cubbage has failed under Strickland to show counsel's deficient performance or resulting prejudice.[15]

## III.

For the reasons stated, the court will grant the motion to dismiss. Claims one, two, and four are procedurally barred, and all claims are without merit. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Cubbage and to counsel of record for respondent.

ENTER: This 3rd day of November, 2016.

_____
Chief United States District Judge

---

[15] Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012), would not provide a basis for habeas relief. Counsel was not ineffective for his efforts to exclude the showup evidence, and thus, could not have been ineffective for not raising the issue in this action, and therefore no prejudice exists.

Case 7:15-cv-00680-GEC-RSB   Document 17   Filed 11/03/16   Page 12 of 12   Pageid#: 194